

UNITED STATES DISTRICT COURT **JUDGE DURKIN**
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MAGISTRATE JUDGE BROWN**

UNITED STATES OF AMERICA )
) **15CR 315**
)
v. ) Violations: Title 18, United States
) Code, Section 1001(a)(2); Title 31,
) United States Code,
JOHN DENNIS HASTERT ) Section 5324(a)(3)

**FILED**

MAY 2 8 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL FEBRUARY 2014 GRAND JURY charges:

1. At times material to this indictment:

    a. From approximately 1965 to 1981, defendant JOHN DENNIS HASTERT was a high school teacher and coach in Yorkville, Illinois. From approximately 1981 to 2007, defendant JOHN DENNIS HASTERT was an elected public official, including eight years as Speaker of the United States House of Representatives. From approximately 2008 to the present, defendant JOHN DENNIS HASTERT has worked as a lobbyist in Washington, D.C.

    b. Individual A has been a resident of Yorkville, Illinois and has known defendant JOHN DENNIS HASTERT most of Individual A's life.

    c. In or about 2010, Individual A met with defendant JOHN DENNIS HASTERT multiple times. During at least one of the meetings,

Individual A and defendant discussed past misconduct by defendant against Individual A that had occurred years earlier.

d. During the 2010 meetings and subsequent discussions, defendant JOHN DENNIS HASTERT agreed to provide Individual A $3.5 million in order to compensate for and conceal his prior misconduct against Individual A.

e. Shortly thereafter, defendant began providing Individual A cash payments.

f. From approximately 2010 to 2014, defendant JOHN DENNIS HASTERT withdrew a total of approximately $1.7 million in cash from various bank accounts he controlled and provided it to Individual A.

g. From approximately June 2010 through April 2012, defendant JOHN DENNIS HASTERT made fifteen $50,000 withdrawals of cash from bank accounts he controlled at Old Second Bank, People's State Bank and Castle Bank and provided that cash to Individual A approximately every six weeks.

h. Title 31, United States Code, Section 5313(a) and Title 31, Code of Federal Regulations, Section 1010.310-313 required domestic financial institutions to prepare and file with the Financial Crimes Enforcement Network a Currency Transaction Report (Form 104) for any transaction or series of transactions involving currency of more than $10,000.

i. Old Second Bank, People's State Bank, Castle Bank and Chase Bank were domestic financial institutions subject to the Currency Transaction Reporting requirements described in the preceding paragraph.

j. In approximately April 2012, pursuant to bank policy and federal regulations, bank representatives questioned defendant JOHN DENNIS HASTERT about the $50,000 cash withdrawals that he had made.

k. In July 2012, defendant JOHN DENNIS HASTERT began withdrawing cash in increments of less than $10,000. Defendant provided that cash to Individual A in an increment of $50,000 at pre-arranged meeting places and times.

l. In approximately 2014, defendant JOHN DENNIS HASTERT and Individual A changed the timing and amounts of the payments so that defendant provided Individual A $100,000 every three months. Defendant continued to withdraw cash in increments of less than $10,000. Defendant provided that cash in an increment of $100,000 at pre-arranged meeting places and times.

m. In approximately 2013, the Federal Bureau of Investigation and Internal Revenue Service, agencies within the executive branch of the Government of the United States, began investigating defendant JOHN DENNIS HASTERT's cash withdrawals as possible structuring of currency transactions to evade the reporting requirements described above.

n. As of December 8, 2014, the following matters, among others, were material to the Federal Bureau of Investigation and Internal Revenue Service regarding possible structuring by defendant JOHN DENNIS HASTERT:

    i. Whether defendant JOHN DENNIS HASTERT was withdrawing less than $10,000 in cash at a time in order to evade currency transaction reporting requirements;

    ii. Whether defendant JOHN DENNIS HASTERT was using the cash he was withdrawing to cover up past misconduct;

    iii. Whether defendant JOHN DENNIS HASTERT was using the cash he was withdrawing for a criminal purpose;

    iv. Whether defendant JOHN DENNIS HASTERT was the victim of a criminal extortion related to, among other matters, his prior positions in government and was giving the cash to another individual as payment; and

    v. Whether defendant JOHN DENNIS HASTERT was using the cash for some other purpose, not related to a crime or past misconduct.

2. On or about December 8, 2014, in Plano, in the Northern District of Illinois, Eastern Division,

JOHN DENNIS HASTERT,

defendant herein, did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency within the executive branch of the Government of the United States, when JOHN DENNIS HASTERT was interviewed by agents of the Federal Bureau of Investigation about his cash withdrawals over the prior four and a half years totaling in excess of $1.7 million. Specifically, in response to the agents' question confirming whether the purpose of the withdrawals was to store cash because he did not feel safe with the banking system, as he previously indicated, JOHN DENNIS HASTERT stated: "Yeah . . . I kept the cash. That's what I'm doing."

Whereas, in truth and in fact, as JOHN DENNIS HASTERT then well knew, this statement was false because:

(i) He had been withdrawing cash from banks and providing the cash to Individual A in amounts of $50,000 or $100,000 to satisfy the agreement he made with Individual A to provide $3.5 million in order to compensate for and conceal his prior misconduct against Individual A; and

(ii) He had been withdrawing cash in increments of less than $10,000 to evade currency transaction reporting requirements because he wanted his agreement to compensate Individual A to remain secret so as to cover up his past misconduct;

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1. The allegations contained in paragraphs 1(a)-1(l) of Count One of this Indictment are realleged and incorporated herein.

2. Beginning no later than July 2012, and continuing until on or around December 6, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN DENNIS HASTERT,

defendant herein, did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed thereunder, structure and assist in structuring transactions at Old Second Bank, People's State Bank, Castle Bank and Chase Bank by withdrawing and causing the withdrawal of $952,000 in United States currency in amounts under $10,000 in separate transactions on at least 106 occasions;

In violation of Title 31, United States Code, Section 5324(a)(3).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY