FILED
JUN 11 2015
6-11-2015
Judge Thomas M. Durkin
United States District Court



**U.S. v. Hastert**
andymart20    to: sandy_newland
Cc: andymart20

06/11/2015 02:04 AM

From: andymart20@aol.com
To: sandy_newland@ilnd.uscourts.gov
Cc: andymart20@aol.com
History:    This message has been forwarded.

National Anti-Corruption Policy Institute
One of America's Leading Corruption Fighters

                                                        Global
Headquarters: New York
Regional Centres
                                            New York Office
New England: Manchester, NH
                                            P.O. Box 1851
Chicago:
                                            New York, NY 10150-1851
South Florida / Americas:
                                                Tel. (866) 706-:2639
Asia/Pacific: Honolulu
                                            Fax (866) 214-3210
Europe/Middle East: London
E-mail:

            AndyMartinUSA@aol.com


Andy Martin, J.D.
Adjunct Professor of Law      **15 cr 315**
Executive Director            **USA VS. DENNIS JOHN HASTERT**
                              **E-MAIL**
June 11, 2015                 **FILED: JUNE 11, 2015**


Hon. Thomas M. Durkin
U.S. District Judge
219 S. Dearborn
Chicago, IL 60604

Re: U.S. v. Hastert, 1:15-cr-00315-1


Recusal of the Court for appearance of bias


Dear Judge Durkin:

I am following up on my prior letter asking the Court to recuse itself due to the appearance of bias.

I was gratified to see that you agreed with me, that there is indeed an appearance of bias in the eyes of a reasonable person concerning your

participation in the current case, when a judge who has previously contributed to the campaign account of a defendant is subsequently assigned to hear a case involving that defendant.

By seeking to have you recused I mean no disrespect. Nevertheless, I believe recusal is mandated, not discretionary based on a potential "waiver" by counsel of the appearance issue.

By way of introduction, I have prior experience challenging judges for bias involving campaign contributions, as well as seeking to be heard as a representative of the broader public interest in contravention of the U. S. Attorney and attorneys for criminal defendants.

In 1978 I exposed that Peoria U. S. District Judge Robert Morgan (as I remember the name) had made a campaign contribution to Senator Charles Percy. Judge Morgan was very irritated when I exposed his contribution because his name was on a supposedly "secret" list of contributors to Senator Percy. The judge conceded the appearance of bias and recused himself.

The Seventh Circuit once wrote an opinion reciting my "legion" of battles with district judges over ethical lapses on the federal bench (the opinion reversed a district judge).

In a more apropos case in 1978, I appeared before U. S. District Judge (now circuit judge) Joel Flaum in a criminal case involving (don't hold me to the exact names) Tom Bowler and the Brighton-Krug Construction Company. The U. S. Attorney and defendants' counsel had negotiated a plea agreement, involving a nolo plea that would have negated any use of the plea in subsequent civil litigation.

Despite being somewhat troubled, Judge Flaum agreed with me, allowed me to be heard, and I proceeded to explain why the plea agreement was a bad deal for the public interest. Judge Flaum rejected the plea agreement, the defendants went to trial, they were convicted and a critical arm of the (original) Daley Machine organization was dismembered. As a result of my efforts taxpayers made a significant recovery.

So I go back a long way in seeking to hold federal judges to the highest standards involving the law concerning any appearance of partiality or impropriety regarding the reaction of a "reasonable" member of our society.

I would respectfully request that you follow Judge Flaum's approach and allow me to be heard in this matter. There is no question that whatever "deal" Speaker Hastert receives from the Court, most people will feel he got off lightly. Mr. Hastert, moreover, is no ordinary defendant; otherwise I would not be seeking to hold you to the punctilio of the law.

I can also cite you chapter and verse when the supposedly neutral assignment "wheel" has been manipulated to steer cases to biased judges. Over the decades federal court has not been immune from political corruption.

Since I first walked into 219 S. Dearborn exactly fifty years ago this month, in June, 1965, my commitment has always been to the public interest.

Fighting for the amorphous rights of the public often encourages others, particularly the highly cynical media in Chicago, to ridicule my legal positions or to accuse me of being on a fool's errand. But in the sweep of half a century, very few of my predictions, pronouncements or legal positions have been proven unfounded.

I exposed Speaker Hastert's homosexuality in 2010, as my public blog postings

confirm. The media attacked me in 2010 for telling the truth about Speaker Hastert and Mark Kirk. But as you can now see, in due course I was vindicated.

I continue my corruption-fighting efforts with unabated vigor after half a century of devotion to the public interest.

I am flying to Chicago Thursday to lay a foundation for challenging any decision by Your Honor to remain in the case. I earnestly feel that you should not allow your prior contributions to become a distraction involving the Speaker's prosecution. And while I am aware that judges occasionally let defendants waive conflicts arising out of combined representation, I am not aware of any high-profile case where, once a judge acknowledges that the reasonable person standard applies and that the appearance of bias is present, that counsel may waive that bias.

Defendants have a right to a fair and impartial trial. But so does the general public. The best approach would be for a judge from outside the Northern District to be appointed to sit, but I do not expect that to happen. Given your own prior relationship with the defendant, I respectfully believe that recusal is not discretionary and may not be waived by the parties.

I have emailed a copy of this letter to both the U. S. Attorney's office and Defendant Hastert's counsel (see below).


Respectfully submitted,



ANDY MARTIN

AM:sp

cc:
steven.block@usdoj.gov,
USAILN.ECFAUSA@usdoj.gov,
tcgreen@sidley.com,
jgallo@sidley.com,