```
                     IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

     UNITED STATES OF AMERICA,          )    Docket No. 15 CR 315
                                        )
                       Plaintiff,       )    Chicago, Illinois
                                        )    June 18, 2015
                  v.                    )    11:00 a.m.
                                        )
     JOHN DENNIS HASTERT,               )
                                        )
                       Defendant.       )


                    TRANSCRIPT OF PROCEEDINGS - Status
                  BEFORE THE HONORABLE THOMAS M. DURKIN


     APPEARANCES:


     For the Government:     HONORABLE ZACHARY T. FARDON
                             United States Attorney by
                             MR. STEVEN A. BLOCK
                             MS. CARRIE E. HAMILTON
                             Assistant United States Attorneys
                             219 S. Dearborn Street, 5th Floor
                             Chicago, IL 60604


     For the Defendant:      SIDLEY AUSTIN LLP by
                             MR. THOMAS C. GREEN (via telephone)
                             1501 K Street NW, Suite 600
                             Washington, D.C. 20005

                             SIDLEY AUSTIN LLP by
                             MR. JOHN N. GALLO
                             MS. GEETANJLI MALHOTRA
                             One S. Dearborn Street
                             Chicago, IL 60603


     Court Reporter:         LAURA R. RENKE, CSR, RDR, CRR
                             Official Court Reporter
                             219 S. Dearborn Street, Room 1432
                             Chicago, IL 60604
                             312.435.6053
                             laura_renke@ilnd.uscourts.gov
```

1   (In open court; defendant not present.)
2   (Clerk places telephone call.)
3       MR. GREEN:  Hello.
4       THE CLERK:  Hi.  Is this Mr. Green?
5       MR. GREEN:  This is.
6       THE CLERK:  Hi.  It's Sandy with Judge Durkin.  If you just want to hold the line, the judge will be with us momentarily.  Okay?
9       MR. GREEN:  Okay, Sandy.  Thank you.
10      THE CLERK:  All right.  Thank you.
11  (Pause in proceedings.)
12      THE CLERK:  All rise.
13      Be seated, please.
14      This is 15 CR 315, United States of America v. Hastert.
16      THE COURT:  Good morning.
17      MR. BLOCK:  Good morning, your Honor.  Steven Block and Carrie Hamilton on behalf of the United States.
19      MR. GALLO:  Good morning, Judge.  John Gallo and Geeta Malhotra on behalf of Mr. Hastert.  Tom Green is on the phone.
21      THE COURT:  All right. Mr. Green, can you hear me?
22      MR. GREEN:  Good morning, your Honor.  Thank you.  I can.
24      THE COURT:  And can you hear the attorneys in court?
25      MR. GREEN:  I can, sir.

1         THE COURT: Okay. Very good.
2         Have you had your 16.1 conference yet?
3         MR. BLOCK: Judge, we've had a -- we've had the
4  conference. In terms of the discovery, we've produced some
5  initial discovery to the defendant already. We expected to
6  have the rest of the Rule 16 by today. Due to some technical
7  difficulties in the production, I need a few more days. I do
8  expect to have it by early next week, so I'd ask just for a
9  one-week date, and we should have Rule 16 completed by then.
10         THE COURT: All right. We'll give you that date right
11  now where it should be completed.
12         Sandy, what would that be?
13         THE CLERK: That would be the 25th.
14         THE COURT: All right. So all Rule 16 disclosures to
15  be done by that date.
16         Does either side expect to file any pretrial motions
17  concerning discovery and inspection? Are there materials that
18  in your preliminary discussions you believe you're going to
19  have any kind of dispute about?
20         MR. BLOCK: For the government, Judge, I don't know at
21  this point. We've not had discussions in terms of what
22  disputes we may have, so I don't know if we'll have any motions
23  at this point.
24         THE COURT: All right. Well, what I will do is set a
25  date for a status where you can report on whether or not

1    there's going to be additional -- any motion practice on
2    discovery.
3              MR. GALLO:  Yeah.
4              THE COURT:  Hopefully you can report at that time if
5    there's going to be any motion practice on substantive issues.
6              MR. GALLO:  Yes.
7              THE COURT:  And then I assume at that point you can
8    also tell me how the case is going to proceed.  You may have a
9    more informed basis to give me that information at the next
10   status.  I'm assuming there's no discussion on that at this
11   point until discovery has been reviewed.  Is that correct?
12             MR. GALLO:  We did talk about a new date, Judge.
13             THE COURT:  All right.
14             MR. GALLO:  There's been discussion about that.
15             THE COURT:  What's that?
16             MR. BLOCK:  July 13th or 14th or something that week
17   would work for the parties if it works for your Honor.
18             THE COURT:  All right.  And do you think that will be
19   enough time for the parties to have exchanged and reviewed
20   discovery where you can have a discussion about what the next
21   steps are at that point?
22             MR. BLOCK:  Judge, in terms of the discovery, I don't
23   think it's voluminous.  I think, from our perspective, we
24   should be pretty far along at that point to have a discussion.
25   I leave it to the defense if they think they need more time

1  than that.
2  MR. GALLO:  As it's been described, yes, we'll be
3  fine.
4  THE COURT:  Okay.  All right.  So what date would you
5  like?
6  MR. BLOCK:  July 14th, if possible, your Honor.
7  THE CLERK:  That's fine.  9:00.
8  MR. GALLO:  Judge, I should have had my calendar open.
9  THE COURT:  All right.
10  MR. GREEN:  Your Honor, on July 14th, on that week, I
11  am in New York.  I have a critical deposition on the 13th,
12  14th, and 15th.  And then on the 16th, I am -- I leave for
13  Switzerland on business the following week.  I mean, it may not
14  be that I have to be there and Mr. Gallo can take over for me,
15  but --
16  THE COURT:  Yeah, I think -- I expect that whatever we
17  do that day will not be lengthy.
18  MR. GREEN:  Right.
19  THE COURT:  It's to report on the status of discovery,
20  whether or not you're going to be filing motions, either side,
21  to -- relating to discovery or if there's going to be
22  substantive motions filed and if there's anything else to
23  report to the Court on how we're going to proceed going
24  forward.
25  Mr. Green, maybe you can take a break from your

1 deposition for that period of time we have it.

2 MR. GREEN: Yes, that's a possibility.

3 THE COURT: Okay.

4 MR. GREEN: Yes, sir.

5 THE COURT: And if you're -- if you think your
6 appearance here is critical, you or Mr. Gallo should talk to
7 the government, contact my courtroom deputy, and we'll reset
8 the date for a date you can be here. But --

9 MR. GREEN: Well, your Honor, I think Mr. Gallo -- I
10 think Mr. Gallo can be there. And I will see if I can excuse
11 myself from the depo. So I think we just can proceed at your
12 convenience, your Honor.

13 THE COURT: All right.

14 MR. GALLO: I just want the transcript printed of that
15 last statement, Judge, just for my reference.

16 THE COURT: All right. So July 14th then?

17 MR. BLOCK: Judge, if we could do it -- could we make
18 it 9:30 instead of 9:00? Would that be possible?

19 THE COURT: That's fine. I've got a change of plea at
20 10:00, but 9:30 should be fine. This shouldn't be too lengthy.

21 MR. BLOCK: And, your Honor, we move to exclude time
22 until that date based on the interest of justice for the
23 production of discovery.

24 THE COURT: Any objection?

25 MR. GALLO: No.

1       THE COURT: All right. Defendant's presence will be
2  waived at that status also. As I said last time, I don't
3  require defendants who are not in custody to appear at
4  noncritical status conferences. He's of course free to be
5  here, but I'm not requiring it.
6       Now, I want to -- anything else we need to discuss? I
7  want to talk about the protective order. But anything else we
8  need to discuss otherwise?
9       MR. GALLO: No.
10      MR. BLOCK: No, your Honor.
11      THE COURT: Okay. The government filed a motion for a
12 protective order, and the defendant agreed to it, and I granted
13 the motion. But I didn't sign the actual order itself because
14 I wanted some modifications made to it, and I want the parties
15 to understand the standards I'm going to have to follow under
16 Supreme Court and 7th Circuit law on that subject.
17      The proposed order is fine as to the requirement that
18 the government disclosures to the defendant and defense counsel
19 can only be used in connection with the defense of this case
20 without further order of the Court and that such information is
21 not to be disclosed to third parties without prior notice to
22 the government and authorization from the Court. That's fine.
23      Same holds true for copies of such records, notes
24 relating to the records, proper treatment of the records upon
25 completion of the case, and inadvertent disclosure. These are

1   routine matters that are often subject of protective order, and
2   there's no reason to deviate from what is the -- what I've
3   understood and have known to be the standard practice relating
4   to discovery turned over by the government to the defense since
5   I was a prosecutor in 1980.  That's been the routine practice,
6   and it will be the practice here too under that.
7        So in that regard, paragraphs 1, 2, 4, 5, 6, 7, 8, and
8   10 of the proposed protective order are all acceptable to the
9   Court.
10       I am concerned about the parties' proposal as to the
11  sealing of documents filed with the Court.  The proposed
12  protective order says that "sensitive information" -- which is
13  undefined -- that may be contained in a court filing should be
14  filed under seal without prior permission from the Court.  I
15  believe it should be reversed.  Nothing shall be filed under
16  seal without a motion requesting that it be filed under seal
17  and my granting of that motion.
18       The presumption of any court filing should always be
19  toward public disclosure.  Therefore, the last sentence of
20  paragraph 3 and the last five lines of paragraph 9 should be
21  amended to reflect this ruling.
22       In addition, if I allow any documents to be filed
23  under seal, I'll require the filing party to prepare a redacted
24  version of that filing to be placed in the public record.  Thus
25  there will be two parallel versions filed, one publicly with

1  only those redactions necessary to prevent public disclosure of
2  sensitive information and one nonredacted document filed under
3  seal.
4  　　　　The parties should also be aware of the law of this
5  circuit -- I know you are, but I'm going to tell you anyway and
6  remind you of the law of this circuit under *Baxter v. Abbott*,
7  297 F.3d 544, a 7th Circuit case (2002), and *United States v.*
8  *Foster*, 564 F.3d 852, a 7th Circuit case (2009), where the
9  Court held that "secrecy is [acceptable] at the discovery
10 stage, before the material enters the judicial record."
11 　　　　That's a quote from the case.
12 　　　　However, any documents "that influence or underpin [a]
13 judicial decision are open to public inspection" absent an
14 extremely compelling reason.
15 　　　　The *Foster* case sets forth some reasons that are
16 compelling and some reasons that are not.  The parties should
17 be aware of those reasons in the *Foster* case, review it, and
18 understand what I will find compelling and what I will find not
19 to be compelling should you ask to have something sealed or
20 should ultimately anything you have under seal be necessary for
21 me to make a decision.
22 　　　　The parties should be aware then that even if I grant
23 a motion to seal or permit redactions of certain documents,
24 there is the potential for those documents to be unsealed or
25 certain information to be unredacted if the documents or

1   information influence or underpin a future ruling of this
2   Court.  If I rely upon sealed information, presumption will be
3   it's going to be publicly disclosed.
4       You still have a chance under the *Foster* case if you
5   think there's a compelling reason to keep it sealed, but *Foster*
6   sets forth reasons that are compelling and reasons that are
7   not.  That's the 7th Circuit law, and I'm going to follow it.
8       So the government should amend the language of the
9   proposed protective order consistent with my direction today,
10  see if the defense is in agreement, and I'll sign that order if
11  it's agreed to.  If it's not agreed to, I'll rule on any
12  disagreements you have.
13      Are there any questions about my direction on that?
14      MR. BLOCK:  No, your Honor.
15      MR. GALLO:  No.
16      THE COURT:  Okay.  Anything else we need to discuss
17  today?
18      MR. GALLO:  No, your Honor.
19      MR. GREEN:  Your Honor, if I may raise one point.
20  This is Mr. Green.  I -- in initial conversations with the
21  government, I obviously pointed out to them that the
22  inhibitions and the prohibitions run in only one direction, and
23  that is to the defense.
24      I also made clear to government counsel my displeasure
25  over the leaks that have filtered out to the media and have

1  communicated my concern over the prejudice that those leaks are
2  causing and will continue, I think, to cause and inhibit my
3  client's right to a fair trial.
4      So one of the suggestions that I made to the
5  government initially was that I would be content to sign that
6  protective order if the prohibitions ran to the government as
7  well.  I mean, something -- something has to be done to stop
8  these leaks.  They're unconscionable, and they have to stop.
9      And if I'm subject to these restraints -- and I have
10 no problem with anything that your Honor has proposed as
11 modifications acceptable to the Court.  I have no problems with
12 that whatsoever.  But this has to be a two-way street.  And I
13 think -- I think these -- you know, the government's got to do
14 something to stop these leaks, or the Court may have to
15 investigate or I might suggest to the Court that it investigate
16 where these leaks are emanating from.
17     THE COURT:  Any response from the government?
18     MR. BLOCK:  Yes, Judge.  I think Mr. Green raises
19 really two separate issues.  As to the protective order, we did
20 speak with Mr. Green about that, and we stated that we could
21 not agree to a reciprocal protective order because information
22 we're seeking to protect is the government's information.
23     It's our information right now to do with it what we
24 see fit in accordance with the law and the rules, of course.
25 But we can't be restricted from using that information in other

1  lawful ways.  For example, a report, which could be a lead into
2  a separate investigation, we should not be in a position to
3  have to ask the Court for permission to use our own information
4  in that way.
5       So we don't believe that a reciprocal protective
6  order -- it's certainly not the standard in the court and nor
7  really does it make any sense when you're talking about
8  information that is currently already in our possession.
9       As to the leaks issue, we believe that's a separate
10 issue.  And we've seen the media reports as well in this case,
11 and they're disturbing.  We take them seriously and that we,
12 being the government, is doing everything it can, taking
13 appropriate measures to look into that.  But, again, I think
14 that's a separate issue than the protective order your Honor is
15 prepared to sign or any motion for a different protective order
16 that the defendant may make.
17      THE COURT:  Well, Mr. Green, if you and co-counsel
18 have a proposal as to a revision on the protective order that
19 encompasses some of your objections relating to the two-way
20 street issue, I'm certainly happy to look at it.  I think
21 Mr. Block's point is well-taken.  This is information already
22 in the possession of the government.
23      But if you have a proposal of some kind that you want
24 to submit, I'll review that at the same time I look at what I
25 hoped and still hope to be an agreed protective order

1  consistent with my rulings today.  I'll take a look at it.
2  You're certainly free to propose something.  And do it
3  promptly, though, because I think your discovery process is
4  going to be impeded by not having a protective order in place.
5          MR. GREEN:  I agree, your Honor.  And as soon as I get
6  the revised draft from the government, I will -- I will look at
7  that and make a quick decision on whether to propose
8  modifications to the order.  But in any event, I -- I'm
9  contemplating that the leaks will be the subject of some
10 pretrial motion that we will file down the line.
11         THE COURT:  All right.  Well, I'll certainly look at
12 that motion and entertain briefing on it if such is filed.
13         I take Mr. Block at his word, obviously, that they
14 take their obligations to maintain grand jury secrecy and any
15 other type of confidentiality seriously.  It's not just,
16 obviously, the U.S. Attorney's office, but the law enforcement
17 agents working with them.
18         I won't -- I can't independently do something
19 without -- well, I won't independently do anything on that
20 without a specific motion from one side or the other.  But I
21 think the government, in my experience, typically takes their
22 obligations on this very seriously.
23         But it never hurts to remind agents with information
24 and -- all people, not just agents, but anyone with information
25 that is viewed as sensitive that there's no point to a

1   protective order where sensitive information is -- remains
2   confidential for discovery purposes, not for trial.  It's an
3   open trial, of course, and anything that comes out at trial is
4   in the public record, and anything that I have to rely upon to
5   make a ruling in this case becomes public.
6          But for discovery purposes, both in civil and criminal
7   cases, it's routine for discovery to remain confidential.  But
8   if there is an abuse of that, there's not much point in having
9   a confidentiality order.  So that which you wish to protect has
10  to be -- remain protected not just through court order but
11  through the actions of people with that information in their
12  possession.
13         So I -- enough said, and you can certainly take the
14  message to your team.  And I ascribe no improper conduct to
15  anybody in this case.  But certainly if Mr. Green and Mr. Gallo
16  and co-counsel have a motion they want to make, they can make
17  it.
18         Okay.  On the excludable time issue, did you want that
19  as of the date of arraignment?
20         MR. BLOCK:  Yes, Judge, if we can make it date of
21  arraignment.
22         THE COURT:  All right.  Because I don't think there
23  was one in the -- at the arraignment.  There was no motion on
24  excludable time at that time.
25         Is there any objection to having it considered

1  excludable from the time of arraignment to our next status
2  date?
3           MR. GALLO:  No.
4           THE COURT:  All right.  That will be entered too.
5      All right.  Anything else we need to discuss today?
6           MR. BLOCK:  Not from the government, your Honor.
7           MR. GALLO:  No, your Honor.
8           THE COURT:  Mr. Green?
9           MR. GREEN:  No, sir.  Thank you.
10          THE COURT:  All right.  We'll see you at the next
11 status.  Thank you.
12          MR. BLOCK:  Thanks, Judge.
13          MS. HAMILTON:  Thank you, your Honor.
14          MR. GALLO:  Thank you.
15          COURT SECURITY OFFICER:  All rise.
16      (Concluded at 11:16 a.m.)
17                    C E R T I F I C A T E
18    I certify that the foregoing is a correct transcript of the
19 record of proceedings in the above-entitled matter.
20
21 */s/ LAURA R. RENKE*                              *June 26, 2015*
   LAURA R. RENKE, CSR, RDR, CRR
22 Official Court Reporter
23
24
25