



**Letter to Judge re U S v. Hastert**
andymart20  to: sandy_newland                                  10/28/2015 01:36 AM

From:    andymart20@aol.com
To:      sandy_newland@ilnd.uscourts.gov
History: This message has been forwarded.

```
                                        National Anti-Corruption Policy
Institute
One of America's Leading Corruption Fighters

                                                         Global
Headquarters: New York
Regional Centres:
New England: Manchester, NH
Illinois/Midwest: Chicago

South Florida/Americas:  Miami
Asia/Pacific: Honolulu

Europe/Middle East: London

New York Office:
P.O. Box 1851
New York, NY 10150-1851
Tel. (866) 706-:2639
Fax (866) 214-3210
E-mail:  AndyMartinUSA@aol.com

Andy Martin, J.D.
Adjunct Professor of Law
Executive Director
```





FILED
OCT 28 2015
10-28-15
Judge Thomas M. Durkin
United States District Court

October 28, 2015

Hon. Thomas M. Durkin
U.S. District Judge
219 S. Dearborn
Chicago, IL 60604

Re: U.S. v. Hastert, 1:15-cr-00315-1

Renewed request for recusal of the Court for appearance of bias

Dear Judge Durkin:

This letter is being served on both counsel for the United States and counsel for the Defendant (see below).

With the utmost respect for the Court as an institution, and in light of the Defendant's guilty plea, I am respectfully renewing my request that you step down as a presiding judge in the above case. I believe your continued assignment to the Hastert case does serious damage to the integrity of the administration of justice in your Court.

1. Prior history

After Mr. Hastert was indicted you admitted there was an appearance of bias and you left it up to the parties to resolve the appearance of bias as a private matter without regard to any countervailing public interest. Prior to becoming a judge, you gave Mr. Hastert a campaign contribution. In fact, that act was the basis of your admission that there was an appearance of bias. Consequently, given your admission, I don't have to establish the "appearance" question; you have conceded the matter. The only issue is whether the public also has a right to a neutral and detached judicial proceeding.

Given the sordid history of political and judicial corruption in Illinois, the need for judges to respect the public's right to the fair and impartial administration is paramount. As a young law student I was a small part of the media investigation that culminated in the removal of two justices of the Illinois Supreme Court (Klingbiel and Solfisburg). The court later retaliated against me for my youthful display of integrity. I realized then that there was no way an advocate could serve both private clients and public integrity, and I have happily devoted my life to investigating, exposing and fighting corruption and the appearance of corruption or bias in our public life.

2. Guilty plea

Mr. Hastert has apparently agreed to plead guilty and will do so today.

3. The independent and overriding public interest

Although you have framed the public's right to a fair and impartial judge as one that may be "waived" by the parties, and one that apparently belongs exclusively to the Defendant, there is a much broader public interest in the appearance of justice. The local media are already treating your acceptance of a plea as part of a cover-up of Mr. Hastert's criminal scheme:

http://chicago.suntimes.com/news/7/71/1049432/hastert-poised-plead-guilty-protect-3-5-million-secret

You are proposing to accept a plea that would clearly result in such a cover-up and also conceal the identity of the victim of Hastert's original scheme. When have you ever heard of a criminal case where the victim's identity is kept secret, and the details of the overall pattern of criminal activity are concealed from public view? There is no way you can escape the appearance that you are fostering this cover-up.

The most awesome power that a federal district judge exercises is the power to incarcerate someone convicted of a criminal violation. If you impose a lenient sentence, the appearance of a "fix" will be inevitable. If you impose a harsh sentence the appearance that you bent over backwards to avoid the appearance of a fix will be equally unavoidable, thereby imposing an injustice on the Defendant. There is no way you can avoid an appearance of impropriety.

The fact that the victim's identity has been concealed, and the nature of the original criminal extortion scheme has also been concealed, do violence to the First Amendment and to the public's right to know. No basis has been shown to shield Mr. Hastert from the disclosure of his lifetime of impropriety and apparent criminal activity. In fact, there is a likelihood that other victims exist. By concealing the nature of Hastert's misconduct you discourage others from coming forward.

Protecting politically powerful defendants from public disclosure of their unlawful activity is not a legitimate objective of the criminal justice system or an appropriate exercise of prosecutorial discretion.

Adding to the public injustice that you are aiding and abetting, it is likely that the "victim" was also engaging in criminal activity. Putting aside the Defendant's long-ago unlawful activity, there is an overwhelming appearance that Mr. Hastert was being extorted and that he was paying hush money. Under these circumstances, the identity of the "victim" becomes much more important.

Up until now, your actions have largely been ministerial and administrative. But when you move into the sentencing phase, you will begin to exercise the broad discretion of your office.

I urge you to reconsider your role in the above matter, and to step aside so that an impartial judge may be substituted. Frankly, given Mr. Hastert's former position, I believe the wise choice would be to request that the Seventh Circuit assign a judge from outside the State of Illinois to preside.

You worked hard to establish a legal career that convinced the U. S. Senate to confirm you as a federal judge. Why would you undermine your own career by presiding in a case where you yourself admit that your impartiality can be questioned by reasonable people?

Because there will no doubt be a delay between acceptance of the plea and imposition of a sentence I have some time to consider available remedies. I would respectfully request that you enter an appropriate order on my request so that if I decide to seek review of your action or inaction through an extraordinary writ I may do so.

Respectfully submitted,


ANDY MARTIN

AM:sp

cc:
steven.block@usdoj.gov,
USAILN.ECFAUSA@usdoj.gov,
tcgreen@sidley.com,
jgallo@sidley.com,